STEVEN ABBEY,

        Plaintiff,

vs.

TEXAS ROADHOUSE HOLDINGS LLC,

        Defendant,

_____/

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

Case No.: 8:19 cv 204 T33 TGW

## DEFENDANT, TEXAS ROADHOUSE HOLDINGS LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

Defendant, TEXAS ROADHOUSE HOLDINGS, LLC d/b/a TEXAS ROADHOUSE, a foreign limited liability company (hereinafter "TRH"), by and through its undersigned attorneys, pursuant to the provisions of Title 28, USC §§1332, 1441 and 1446, hereby removes to the United States District Court for the Middle District of Florida, Tampa Division, an action pending in the Sixth Judicial Circuit in and for Pasco County, Florida, captioned *STEVEN ABBEY vs. TEXAS ROADHOUSE, HOLDINGS, LLC, etc.,* Case Number:  2018-CA-002810.  In support thereof, Texas Roadhouse would show:

      1.     Plaintiff commenced this action in the Circuit Court of Pasco County. Florida on or about September 4, 2018.  The Summons and Complaint originally incorrectly named as the only defendant an entity referred to as "Texas Roadhouse," not the entity which is currently named as the Defendant.  The original defendant was served with process on October 4, 2018.  A copy of the Complaint, Return of Service and the date-stamped Summons are attached as composite exhibit "A".

      2.     On October 24, 2018 Plaintiff filed his Amended Complaint in which he named TRH as a defendant in place of the original defendant.  A copy of the Amended

Complaint is attached as exhibit "B." TRH served its Answer and Defenses to the Plaintiff's Amended Complaint on or about November 13, 2018, exhibit "C."

    3.    Additional filings in the state court are:

a. Defendant's Notice of Propounding First Set of Interrogatories to Plaintiff dated October 26, 2018 (exhibit "D").

b. Defendant's First Request to Produce to Plaintiff dated October 26, 2018 (exhibit "E").

c. Defendant's First Request for Admissions to Plaintiff dated October 26, 2018 (exhibit "F").

d. Plaintiff's Response to Request for Admissions dated November 16, 2018 (exhibit "G").

e. Plaintiff's Reply to Defendant's Affirmative Defenses dated December 7, 2018 (exhibit "H").

f. Defendant's Second Request for Admissions to Plaintiff dated December 12, 2018 (exhibit "I").

g. Defendant's Motion to Compel dated December 12, 2018 (exhibit "J").

h. Plaintiff's Notice of Serving Answers to Interrogatories dated December 28, 2018 (exhibit "K").

i. Plaintiff's Response to Request to Produce dated December 28, 2018 (exhibit "L").

j. Plaintiff's Notice of Serving Interrogatories dated January 7, 2019 (exhibit "M").

k. Plaintiff's First Request to Produce dated January 7, 2019 (exhibit "N").

    l.  Plaintiff's Response to Second Request for Admissions dated January 9, 2019 (exhibit "O").

    m. TRH's Notice of Filing of Removal (exhibit "P").

    4.    This action is being removed to the United States District Court, pursuant to 28 USC §1441 because it involves a dispute between citizens of different states in which the amount in controversy exceeds the value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

    5.    In the operative Complaint, the Plaintiff is seeking damages for personal injuries claimed to have been sustained as a result of a slip and fall accident which is alleged to have occurred on January 9, 2016 at the Texas Roadhouse Restaurant located at 26409 Silver Maple Parkway, Wesley Chapel, Pasco County Florida.  In the operative Complaint it is alleged the Plaintiff "sustained injuries" when he fell.  Amended Complaint ¶9.  It is further alleged:

    10.    As a direct and proximate result of the negligence of the Defendant, TEXAS ROADHOUSE HOLDINGS, LLC, as heretofore alleged, the Plaintiff, STEVEN ABBEY, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, STEVEN ABBEY, will sustain said loss in the future.

Amended Complaint ¶10.

    6.    Discovery has revealed that the Plaintiff is claiming, as a result of this accident, to have sustained permanent injuries to his neck and back which cause him residual pain and ongoing limitations and pain, numbness and tingling in his lower and

upper extremities.  The Plaintiff is also alleging that he sustained a cracked tooth as a result of this incident.  Treatment has included administration of various medications, physical therapy, nerve conduction testing, epidural injections, and multiple diagnostic studies, including MRIs, of the neck and back.  According to his discovery responses, the Plaintiff has incurred medical bills totaling at least $9,091.00.[1]

7.    Plaintiff is also claiming lost wages and impairment of his future wage earning capacity.  Amended Complaint ¶10.  In response to Interrogatory number 13 (exhibit "K"), the Plaintiff indicated:

**ANSWER:  Plaintiff was hired by Pasco County and was scheduled to begin his job in May, 2016 at $11.00 per hour however, he was not cleared by the County doctor due to his neck injury.  Plaintiff was finally cleared in October, 2016 for the position however, was forced to accept the position at $10.50 per hour.**

Based upon these figures, the Plaintiff appears to be claiming past wage loss totaling $11,120.00.

8.    Based upon the foregoing, the total amount of economic losses being claimed by the Plaintiff are in the range of $20,211.00 to $32,874.32.  These figures do not include the damages being claimed by the Plaintiff for the non-economic losses he claims to have sustained as a result of the alleged incident.

9.    28 USC §1332 provides that the United States District Courts shall have original jurisdiction when the matter in controversy exceeds or has a value of  Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs and is between citizens of different states.  The pleadings and the additional materials exchanged thus

---

[1] This figure comes from the medical bills produced by the Plaintiff in response to TRH's production request.  However, TRH is in possession of documentation from the Plaintiff's health insurance company reflecting total bills being claimed as the result of this accident are $21,754.32.  See exhibit "Q."

far and referenced above, copies of which are attached, demonstrate that these requirements have been met in the following respects:

      a.     The Plaintiff is a citizen of the state of Florida.

      b.     It is undisputed that TRH is a limited liability company, authorized to and doing business in the state of Florida.  TRH has only one member, Texas Roadhouse, Inc.  Texas Roadhouse, Inc. is a Delaware corporation with its principal place of business in Louisville, Kentucky.  As a result, Texas Roadhouse, Inc. is considered to be a citizen of the states of Delaware and Kentucky.  28 USC § 1332(c) (1).  A corporation's principal place of business is determined by looking at the "total activities" of the corporation.  *Bel-Bel I'National Corp. vs. Community Bank of Homestead*, 162 F.3d 1101 (11th Cir. 1998).  For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members.  *Rolling Greens MHP, L.P v. Comcast Holdings, LLC*, 374 F.3d 1020, 1021 (11th Cir. 2004) (Holding that a limited liability company is a citizen of any state of which a member of the company is a citizen.); *Mallory & Evans Contractors & Engineers, LLC v. Tuskegee University*, 663 F.3d 1304 (11th Cir. 2011).  Consistent with these authorities, TRH is considered to be a citizen of Delaware and Kentucky.  Furthermore, Plaintiff has admitted that TRH is not citizens of the state of Florida.  See exhibits "F' and "G," ¶14 and 15.

      c.     Although the Plaintiff's Complaint is silent as to the specific dollar amount of the underlying claim it is undisputed, as indicated above, that this is an action seeking damages for personal injuries claimed to have been sustained as a result of a slip and fall accident which is alleged to have occurred on January 9, 2016 at the Texas

Roadhouse Restaurant located at 26409 Silver Maple Parkway, Wesley Chapel, Pasco County Florida. In the operative Complaint it is alleged the Plaintiff "sustained injuries" when he fell. Amended Complaint ¶9. It is further alleged:

10.  As a direct and proximate result of the negligence of the Defendant, TEXAS ROADHOUSE HOLDINGS, LLC, as heretofore alleged, the Plaintiff, STEVEN ABBEY, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, STEVEN ABBEY, will sustain said loss in the future.

Amended Complaint ¶10.

d.  Discovery has revealed that the Plaintiff is claiming, as a result of this accident, to have sustained permanent injuries to neck and back which cause him residual pain and ongoing limitations and pain, numbness and tingling in his lower and upper extremities. The Plaintiff is also alleging that he sustained a cracked tooth as a result of this incident. Treatment has included administration of various medications, physical therapy, nerve conduction testing, epidural injections, and multiple diagnostic studies and MRIs of the neck and back. According to his discovery responses, the Plaintiff has incurred medical bills totaling at least $9,091.00. However, other documentation indicates that the total medical bills claimed to be related to this accident are $21,754.32. See exhibit "Q."

e.  Plaintiff is also claiming lost wages and impairment of his future wage earning capacity. Amended Complaint ¶10. In response to Interrogatory number 13 (exhibit "K"), the Plaintiff indicated:

**ANSWER:  Plaintiff was hired by Pasco County and was scheduled to begin his job in May, 2016 at $11.00 per hour however, he was not cleared by the County doctor due to his neck injury.  Plaintiff was finally cleared in October, 2016 for the position however, was forced to accept the position at $10.50 per hour.**

Based upon these figures, the Plaintiff appears to be claiming past wage loss totaling $11,120.00.

     f.     Based upon the foregoing, the total amount of economic losses being claimed by the Plaintiff are in the range of $20,211.00 to $32,874.32.  These figures do not include the damages being claimed by the Plaintiff for the non-economic losses he claims to have sustained as a result of the alleged incident.

     g.     Additionally, in TRH's First Request for Admissions served on October 26, 2018, TRH, among other things, asked the Plaintiff to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs and interest."  Rather than admit or deny the request as phrased, in a clear attempt to avoid making any commitment which he might later come to regret, and clearly in an attempt to keep open all of his options, chief of which is to avoid removal yet still be able to claim in state court damages in excess of $75,000, Plaintiff responded:

> Unknown at this time, but to the extent a response it required, Plaintiff objects. Defendant's request seeks to invade the province of the jury.  Moreover, Plaintiff further objects as the Defendant clearly seeks information that is not discoverable as this request seeks information covered by the Attorney-Client and Work Product Privileges (which includes mental impressions, work product and trial strategy).  At this time, the Plaintiff has only alleged that the amount in controversy is over $15,000, which invokes the jurisdiction of this Court.

See exhibits "F' and "G," ¶¶1-12.[2]

Such feigned ignorance, designed solely to attempt to deny TRH its statutory right to remove this action to federal court, is improper and should be rejected by this Court. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009); *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 43133 (M.D. Fla. 2007); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. 2010). This feigned ignorance should be treated by this Court as an admission and confirmation that the minimum required jurisdictional amount is satisfied in this cause.

      h.     On July 6, 2017 Plaintiff made a demand to settle this matter for the sum of $75,000. See exhibit "R." On December 12,2018 TRH served its Second Request for Admissions to Plaintiff in which Plaintiff was asked to admit:

          i.     On July 6, 2017, prior to suit being filed, Plaintiff made a demand to settle the claims which are the subject of this lawsuit for the sum of Seventy-Five Thousand Dollars ($75,000.00). See exhibit "R."

         ii.     The presuit demand referenced in request number 1 represents Plaintiff counsel's reasonable assessment of the value of the Plaintiff's claim.

Rather than admit or deny these requests, Plaintiff continued his strategy of gamesmanship by responding:

---

[2] It should be noted that the objections raised and gamesmanship tactics employed by the Plaintiff have been rejected by the Florida courts. For example, in the case of *Sunrise Mills (MLP) Ltd. Partnership v. Adams,* 688 So2d 464 (Fla. 4th DCA 1997) the court rejected the claim that this type of request for admission was improper, concluding that the plaintiff's objections were "entirely unfounded." 688 So.2d at 465. Similarly, in *K-Mart Corp. v. Fernandez,* 623 So.2d 846 (Fla. 2d DCA 1993) the court noted that: "request for admissions is a proper method to ascertain the amount in controversy for removal purposes." 623 So.2d at 847.

1. Admit that the attorney for Plaintiff submitted an initial demand of $75,000.00, however denied that it represents the value and pursuant to case law, settlement demands prior to filing a Complaint generally are entitled to little weight.

2. Objection, Plaintiff counsel's assessment of a case is irrelevant.

See exhibits "I" and "O."

j.       Further evidence that the required minimum amount in controversy is present is demonstrated by the fact that on December 11, 2018, TRH requested that the Plaintiff stipulate that his damages did not exceed the sum of $75,000 but the Plaintiff has rejected this request.[3]   See composite exhibit "S."

10.      As a result, while taken separately the allegations in the operative Complaint, the Plaintiff's response to Defendants' Request for Admissions, Plaintiff's other discovery responses and Plaintiff's refusal to stipulate to a limitation on damages, each by themselves, might not prove by a preponderance of the evidence that more than $75,000 is in controversy, TRH submits that together they suffice. *Stephenson v. Amica Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 116617 (M.D. Fla. 2014)[4]; *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 *3-4 (SD Fla. 2010) (finding that a pre-suit demand letter and a plaintiff's "noncommittal responses" to requests for admissions sufficiently demonstrated a $75,000 amount in controversy).

---

[3] Although standing alone a refusal to stipulate the actual amount of damages sought does not support jurisdiction, this Court may properly consider Plaintiff's refusal as further evidence that the amount in controversy exceeds $75,000. *Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d at 1380; *Diaz v. Big Lots Stores, Inc.*, 2010 U.S. Dist. Lexis 143285 (M.D. Fla. 2010).

[4] In his opinion, Judge Dalton noted that: "while genuine jurisdictional ambiguities must be resolved in favor of remand, *see Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), jurisdictional ambiguities of a plaintiff's own creation generally weigh in favor of removal. *See, e.g., Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that "deliberatively equivocal interrogatory responses" weigh in favor of removal). The increasingly common practice among plaintiffs of equivocating to avoid removal is therefore counterproductive as well as inconsistent with counsel's obligation for candor."

11.    This Court has original jurisdiction of this action pursuant to 28 USC §1332 as it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and is between citizens of different states. As a result, this action is properly removable to this Court pursuant to 28 USC §1441.

12.    This Notice of Removal has been filed within the time frame specified by law pursuant to 28 USC §1446 (b)(3)(A).   Specifically, within thirty (30) days of TRH receiving on December 28, 2018 Plaintiff's complete discovery responses, the first date on which TRH was able to determine that this cause was removable to this Court.

13.    Promptly after the filing of this Notice of Removal, a true copy will be filed with the Clerk of the Circuit Court for Pasco County, Florida.

14.    Written notice of filing this Notice of Removal has been given to the adverse party as required by law in 28 USC §1446 (b) (3).a28 US

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on or about January 25, 2019, the foregoing was filed with the Clerk of this Court.  I also certify that the foregoing document is being served by electronic mail this day on counsel for the Plaintiff:  Paul Fulmer, Esquire, Morgan & Morgan, Tampa, P.A., One Tampa City Center, 201 North Franklin Street, 7th Floor, Tampa, FL 33602; pfulmer@forthepeople.com

_____
Brian D. Stokes, Esquire
Florida Bar No.: 436968
Alvarez, Winthrop, Thompson & Storey, P.A.
P.O. Box 3511
Orlando, FL  32802
Telephone No.: (407) 210-2796
Facsimile No.: (407) 210-2795
Attorneys for Defendant
Designated Email addresses:
bdstokes@awtspa.com
nlumlock@awtspa.com;
kshaw@awtspa.com
eservice@awtspa.com