UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN ABBEY,

    Plaintiff,

v.                             Case No. 8:19-cv-204-T-33TGW

TEXAS ROADHOUSE HOLDINGS LLC,

    Defendant.
_____/

**ORDER**

Defendant Texas Roadhouse Holdings LLC removed this slip-and-fall case on January 25, 2019, asserting that the requirements for this Court's exercise of diversity jurisdiction have been satisfied. As discussed below, the Court sua sponte determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I. Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot

proceed at all in any cause." Id.

Under 28 U.S.C. § 1441, a defendant can remove an action to a United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). Removal is proper if the complaint makes it "facially apparent" that the amount in controversy exceeds $75,000. Williams v. Best Buy, Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Removal is also appropriate when an amended pleading, motion, or "other paper" establishes that the jurisdictional requirements are satisfied. 28 U.S.C. § 1446(b)(3).

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

## II. Discussion

In the Notice of Removal, Texas Roadhouse predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Although Texas Roadhouse has made an adequate showing concerning complete diversity of citizenship between the parties, the Notice of Removal does not show the Court that the jurisdictional amount has been satisfied.[1] Likewise, the Complaint sheds little light on the amount in controversy.

### A. Indistinct Damages

In his Amended Complaint, Plaintiff Steven Abbey maintains, "This is a cause of action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees." (Doc. # 2 at ¶ 1). Abbey claims that as a result of Texas Roadhouse's alleged negligence, he:

> was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent

---

[1] In the Notice of Removal, Texas Roadhouse explains that it is a citizen of both Delaware and Kentucky while Abbey is a citizen of Florida. (Doc. # 1 at 5).

3

> injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, Steven Abbey, will sustain said loss in the future.

(Id. at ¶ 10).

The Notice of Removal and attendant documents span 111 pages, but none come close to convincing the Court that the jurisdictional amount is met. Absent from the Court's file are any medical reports or records from a treating physician. The Court takes note of Abbey's interrogatory answer that he "sustained a back injury, neck injury, and cracked tooth." (Doc. # 1-3 at 45). The file also contains a demand letter authored by Abbey's counsel, seeking $75,000.00, wherein counsel specifies that Abbey has undergone physical therapy and "had a series of medical branch injections to the cervical region" by a pain management doctor. (Id. at 81).

The Court recognizes that Abbey generally claims to have suffered a life-altering fall resulting in permanent injuries. However, the Court simply has not been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. And Abbey has described these categories of damages in such a vague and inexact manner that the Court would be

required to engage in rank speculation to ascribe any monetary value to these damages.

For instance, Abbey seeks redress for "loss of ability to lead and enjoy a normal life," but he did not seek any medical treatment until ten days after the incident, and has not explained how the incident has resulted in changes to his daily life. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip-and-fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses, and permanent injury).

Overall, the record is devoid of evidence to suggest that Abbey's damages from this accident exceed the $75,000 amount in controversy threshold. Compare Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014)(denying motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with

a failed knee replacement after the accident in question). Here, Texas Roadhouse readily admits that the medical bills amount to $9,091, and the lost wages are $11,120.00. (Doc. # 1 at 4). These amounts do not support the removal of this personal injury case to federal court.

    **B.**    **Dodgy Discovery Documents**

Next, Texas Roadhouse asserts that the amount in controversy is met because, in response to discovery, Abbey has not agreed to stipulate that his damages are less than $75,000. Among other discovery probes, Texas Roadhouse asked Abbey to admit that "The matter in controversy in this litigation does not exceed the sum or value of Seventy-Five Thousand Dollars." (Doc. # 1 at 7). In response, Abbey stated, inter alia: "Plaintiff has only alleged that the amount in controversy is over $15,000." (Id.). Texas Roadhouse wrongly postulates that Abbey's refusal to reach a stipulation regarding his damages weighs in favor of finding that the amount in controversy has been met. At times, responses to requests for admissions can carry the day, such as when they are detailed and contain substantive factual information. However, Abbey's discovery responses, as presented to the Court, are devoid of the kind of factual information that is necessary to make a jurisdictional

6

finding.

A number of courts have determined that a plaintiff's discovery responses concerning the amount in controversy are not sufficient to support removal of a case to federal court. See, e.g., MacDonald v. Circle K Stores, Inc., No. 6:08-cv-1825-Orl-22DAB, 2009 U.S. Dist. LEXIS 3117 (M.D. Fla. Jan. 16, 2009)(remanding slip-and-fall case when removal was based on plaintiff's responses to requests for admissions and interrogatory answers regarding the amount in controversy and noting that responses to interrogatories "merely establish the possibility - not a probability - that the Plaintiff's damages might exceed $75,000."). The Court reaches the same conclusion in this case.

As set forth in Williams, 269 F.3d at 1320, a plaintiff's refusal to stipulate that his claims do not exceed $75,000 is inadequate to satisfy the removing defendant's burden. That court explained: "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue." Id.

### C. Deficient Demands

Finally, in an attempt to bolster its woefully insufficient jurisdictional showing, Texas Roadhouse claims

7

that Abbey's July 6, 2017, pre-suit demand letter satisfies the amount in controversy. A number of federal courts, including the present Court, have held that settlement offers stated in demand letters do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010)("A settlement offer is relevant but not determinative of the amount in controversy.").

Instead, courts have analyzed whether demand letters merely "reflect puffing and posturing," or whether they provide "specific information to support the plaintiff's claim for damages" and thus offer a "reasonable assessment of the value of [the] claim." Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)); Piazza, 2010 WL 2889218, at *1 ("[A] settlement demand provides only marginal evidence of the amount in controversy because the 'plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages' sought by the plaintiff.").

Abbey's demand letter asks for $75,000. (Doc. # 1-3 at 82). The amount in controversy must exceed $75,000 to satisfy the requirements for diversity jurisdiction. Even if the Court were to overlook this, a closer look at the demand letter reveals that it does nothing to buttress federal jurisdiction. Like the operative Complaint and discovery responses, the demand letter only vaguely describes neck and back pain as well as a cracked tooth. The demand letter does not provide a reasonable assessment of the value of Abbey's claim and does not justify the removal of this negligence action.

## III. Conclusion

In a case such as this, where "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). Texas Roadhouse falls well short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is remanded pursuant to 28 U.S.C. § 1447(c) for lack of federal subject matter jurisdiction. The Clerk is directed to remand this case to state court. After remand has been effected, the Clerk shall **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE